


ORIGINAL

2005 APR -8 PM 1:26

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

George Witcher

(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. 05-205

Sodexho

(Name of Defendant or Defendants)

## *COMPLAINT UNDER TITLE VII*

## *OF THE CIVIL RIGHTS ACT OF 1964*

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at 2621 Jessup Street (Street Address)
Wilmington (City) New Castle (County) Delaware (State) 19802 (Zip Code)
302-762-3249 (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at 9801 Washington Blvd. (Street Address)
12th. floor Suite 1257A
Gaitherburg, MD 20878
(City) (County) (State) (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Sodexho (Defendant's Name) place of bussiness located at 4417 Lancaster Pike (Street Address)
Wilmington (City) New Castle (County) Delaware (State) 19805 (Zip Code)

5. The alleged discriminatory acts occurred on 10th. (Day), 06 (Month), 04 (Year).

6. The alleged discriminatory practice ☑ is ○ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,

Division Of Industrial Affairs (Agency) 4425 N Market Street (Street Address), Wilm. (City)

New Castle (County) DELAWARE (State) 19802 (Zip Code), regarding

defendant's alleged discriminatory conduct on 10th. (Day), 6th. (Month), 04 (Year).

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: ________ (Day), ________ (Month), ________ (Year).

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: 25th. (Day), 3rd. (Month), 2005 (Year).

*(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10. The alleged discriminatory acts, in this suit, concern:

A. ○ Failure to employ plaintiff.

B. ○ Termination of plaintiff's employment.

C. ○ Failure to promote plaintiff.

D. ○ Other acts (please specify below) Age/Harassment

On Feb. 9, 2005 the Company Van that I drive stalled on me, the check engine light came on, I immediately reported the problem to my supervisor, nothing was done about it. Over the last nine weeks this has been an on going problem with this Van and the Company refuses to do anything about this serious problem BECAUSE I'am the only one that drives this vehicle the Company is intentionally putting my safety and the safety of the public at risk.

11. Defendant's conduct is discriminatory with respect to the following:

A. O Plaintiff's race

B. O Plaintiff's color

C. O Plaintiff's sex

D. O Plaintiff's religion

E. O Plaintiff's national origin

**F. Age/HARASSMENT**

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**



A. That all fees, cost or security attendant to this litigation be hereby waived.

B. That the Court appoint legal counsel.

C. That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: April 7, 2005

(Signature of Plaintiff)

(Signature of additional Plaintiff)

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

George Witcher
2621 Jessup Street
Wilmington, DE 19802
vs.
Sodexho
9801 Washingtonian Boulevard 12th floor
Siute1257A
Gaithersburg, MD 20878
Attn: Geonisa E. Harris, EEO Representative

04070572

## FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

***Administrative Dismissal with Corresponding Right to Sue Notice.***

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. You may have additional rights under federal laws.

3/24/05
Date issued

Julie K. Cutler
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12A : 10/04

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER

☐ FEPA
☐ EEOC

**Delaware Department of Labor** and **EEOC**

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Geoge M. Withcer | 302-762-3249 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2621 Jessup St. | Wilmington DE 19802 | NC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Sodexho | +100 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 6081 Hamilton Blvd. | Allentown, PA 19106 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE

☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/9/2003
LATEST 6/10/2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I: I am in individual approximately 60 years of age who began working for the Respondent in their Barley Mills facility under contract with the DuPont Co. on April 6, 2003. On June 10, 2004 I was working in the kitchen speaking to some of my other coworkers. In this environment the use of certain amounts of profanity is commonplace. At this time my supervisor Donna Haughney, reprimanded me for the language I was using. I asked her why this was a problem with me since everyone in the kitchen was using the same sort of language. I then voiced some concern that I was being singled out because of some prejudice she may have had. She then instructed me to go to the office and wait for members of management to arrive. Shortly thereafter Mark Teoli, Executive Chef and Mark Piasano, Manager told me that I had been suspended. I assume it was because of my use of profanity. I noticed on several instances that the Respondent has tolerated the same behavior and did not suspended younger employees. Specifically, John Lewis, food service worker, under 40 years of age. Mr. Lewis frequently uses profanity in the same or very similar circumstances and is not disciplined. Also Gary Rodgers, Manager, said that I was the oldest worker in the company and several comments about my age without any purpose. On 3/15/2004 during a performance review Mark Teoli asked me if I was too old to accomplish my assigned tasks.
II: The Respondent never gave me an actual reason for my suspension. However, I believe it was a result of my using profanity in the kitchen.
III: I believe I have been discriminated against in violation of The Age Discrimination in Employment Act and the Delaware Discrimination in Employment Act, as amended inasmuch as: 1. I was suspended for using profanity in an area where such use was commonplace. 2. The Respondent tolerates the use of such language by its younger employees. 3. Management personnel of the Respondent have made comments to me in the past that gave me the impression that they felt I was too old to perform my job . 4. I have never had any problem in the past performing my assigned tasks because of my age.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

7/8/04 [signature]

Date Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date (Day, month, and year)

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# CONTINUATION OF AFFIDAVIT

1. **COVERAGE/RESPONDENT'S BUSINESS:**
Food Services

2. **RELEVANT WORK HISTORY:**
I: I am in individual approximately 60 years of age who began working for the Respondent in their Barley Mills facility under contract with the DuPont Co. on April 6, 2003. On June 10, 2004 I was working in the kitchen speaking to some of my other coworkers. In this environment the use of certain amounts of profanity commonplace. At this time my supervisor Donna Haughney, reprimanded me for the language I was using. I asked her why this was a problem with me since everyone in the kitchen since everyone in the kitchen was using the same language. I then voiced some concern that I was being singled out because of some prejudice she may have had. She then instructed me to go to the office and wait for members of management to arrive. Shortly thereafter Mark Teoli, Executive Chef and Mark Piasano, Manager told me that I had been suspended. I assume it was because of my use of profanity. I noticed on several instances that the Respondent has tolerated the same behavior and not suspended younger employees. Specifically, John Lewis, food service worker, under 40 years of age. Mr. Lewis frequently uses profanity in the same or very similar circumstances and is not disciplined. Also on several occasions Gary Rodgers, Manager, said that I was the oldest worker in the company without any purpose. On 3/15/2004 during a performance review Mark Teoli asked me if I was too old to accomplish my assigned tasks.

3. **PERSONAL HARM:**
III: I believe I have been discriminated against in violation of The Age Discrimination in Employment Act and the Delaware Discrimination in Employment Act, as amended inasmuch as: 1. I was suspended for using profanity in an area where such use was commonplace. 2. The Respondent tolerates the use of such language by it younger employees. 3. Management personnel of the Respondent have made comments to me in the past that gave me the impression that they felt I was too old to perform my job.

4. **RESPONDENT'S EXPLANATION FOR THE ALLEGED HARM AND ITS POLICIES AND PRACTICES:**
II: The Respondent never gave me an actual reason for my suspension. However, I believe it was a result of my using profanity in the kitchen.

5. **DIRECT EVIDENCE:**
See Attached

6. **WITNESSES:**
See Attached

7. **COMPARATIVE DATA:**
A yonger employee of the Respondent, John Lewis also used profanity in the facility to a greater degree than the Charging Party but has not been disciplined or suspended.

8. **CLASS HARM:**
NA

9. **REMEDY/RELIEF SOUGHT:**
Other Damages

______________________________
**DATE AND INITIAL**

# EEOC AFFIDAVIT

| Charge #: | Date: 7/8/04 |
|---|---|

## Charging Party Information

**Name:** Geoge M. Withcer

**Street:** 2621 Jessup St. **City:** Wilmington

**County:** NC **State:** DE **Zip:** 19802

**Tel (H):** 302-762-3249 **Tel (W):**

**DOB:** /44 **Sex:** Male **Race:** Black

**Nat'l Origin:** U.S. **SSN:** 9577

## Contact Person

**Name:** Kizzy Withcer (Daughter)
**Tel (H):** 302-498-0844 **Tel (W):**
**Address:** 1812 Tulip St. Wilmington, DE 19805

## Employment Information

**Date of Hire:** 4/6/2003
**Date of Termination:** na
**Date of Alleged Violation:** 6/10/2004
**Relief Sought:** Other Damages
**Check One:** ☒ working ☐ not working ☐ sought employment at

## Respondent Information

**Name:** Sodexho
**Address:** 6081 Hamilton Blvd. Allentown, PA 19106
**Type of Business:** Food Service
**Size of Business:** +100

## Basic Charge Data

| | |
|---|---|
| **Receiving Office:** 17C | **Intake Unit:** 1 |
| **Accountable Office:** 17C | **Intake Officer:** TJS |
| **Initial Inquiry:** 6/14/04 | **Respondent Type:** E |
| **Received this Office:** 7/8/04 | **County:** 003 |
| **Source of Complaint:** A | **SMSA:** 9160 |
| **Federal Referral Transfer:** | **SIC:** 734 |
| **Alleged Basis:** RB | **Federal Agency:** |
| | **Alleged Issues:** D3 |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER

☐ FEPA
☐ EEOC

**Delaware Department of Labor** and **EEOC**

**(State, or local Agency, if any)**

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| George Marvin Witcher | (302) 762-3249 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2621 Jessup Street | Wilmington DE 19802 | NCC |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one, list below.)*

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Sodexho | 100+ | (302) 999-3558 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 4417 Lancaster Pike | Wilmington, DE 19805 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE

☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 8/4/2004
LATEST 9/30/2004
☒ CONTINUING ACTION

**THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):**

Jurisdiction: Charging Party works for Respondent in Delaware at the Chestnut Run Site
Charging Party's protected class: Previously filed a charge of discrimination
Adverse employment action: Denied a raise
Employment harm: Harassment
Applicable law(s): Title VII of the Civil Rights Act and Delaware Discrimination in Employment Act
Respondent's explanation: Have not provided a reason for not giving Charging party a raise
Comparator(s) or other specific reason(s) for alleging discrimination: When I was disastisfied with Respondent's investigation results into my complaints of discrimination, so I filed my original charge of discrimination with DDOL. Respondent received the charge of discrimination on 07/30/04. Since that time I still have not received a raise and Respondent refuses to respond when I inquire about the status of my raise. In addition, September 23rd and 24th 2004, when the entire site was closed for renovations/construction I was the only food service preparer instructed to report to that site to work. All my co-workers were sent to other sites to work for those two days or given those days off. Charging Party was falsely acussed of violating company policy and as a result received a written disciplinary action on September 30, 2004.
Additional information and verification of these facts are provided by the attached Affidavit.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

10-7-04 [signature]

Date Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date (Day, month, and year)

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EEOC DATA FORM

| Charge #: | Date: 10/07/04 |
|---|---|

## Charging Party Information

Name: George Marvin Witcher

Street: 2621 Jessup Street    City: Wilmington

County: NCC    State: DE    Zip: 19802

Tel (H): (302) 762-3249    Tel (W):

DOB: 1944    Sex: Male    Race: Black

Nat'l Origin: U.S.    SSN: -9577

## Contact Person

Name: Kizzy Witcher
Tel (H): (302) 498-0844    Tel (W):
Address:

## Employment Information

Date of Hire: 04/07/03
Date of Termination: N/A
Date of Alleged Violation: 09/03/04
Relief Sought: To be granted a raise
Check One: ☐ working ☐ not working ☐ sought employment at

## Respondent Information

Name: Sodexho
Address: 4417 Lancaster Pike Wilmington, DE 19805
Type of Business: Food Service
Size of Business: 100+

## Basic Charge Data

| | |
|---|---|
| Receiving Office: 17C | Intake Unit: 1 |
| Accountable Office: 17C | Intake Officer: mss |
| Initial Inquiry: 09/13/04 | Respondent Type: E |
| Received this Office: 10/07/04 | County: 003 |
| Source of Complaint: A | SMSA: 9160 |
| Federal Referral Transfer: | SIC: 580 |
| Alleged Basis: OR | Federal Agency: |
| | Alleged Issues: H1, P2 |

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

George Witcher
2621 Jessup Street
Wilmington, DE 19802
vs.
Sodexho
9801 Washingtonian Boulevard 12th floor
Siute1257A
Gaithersburg, MD 20878
Attn: Geonisa E. Harris, EEO Representative

04100779

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

***Administrative Dismissal with Corresponding Right to Sue Notice.***

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. You may have additional rights under federal laws.

3/24/05
Date issued

Julie K. Cutler
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12A : 10/04

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a) A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b) The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c) The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1. If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within ***15 days of your receipt*** of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2. If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3. Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04