IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE WITCHER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-205 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| SODEXHO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Sodexho, Inc. ("Sodexho") hereby requests that plaintiff produce for inspection and copying at the offices of Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

**GENERAL INSTRUCTIONS**

1. In responding to this request for production of documents, the responding party is requested to furnish all documents that are in his possession, custody or control, including information in the possession of his attorneys or other persons directly or indirectly employed or retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

2. If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

3.      The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

(a)     "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

(b) "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

(c) "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

(d) "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

(e) Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

(f) If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

    i) the type of document;

    ii) the date upon which it ceased to exist;

    iii) the circumstances under which it ceased to exist;

iv) the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

v) the name, address, and telephone number of each person having knowledge of the contents thereof.

## **PRIVILEGED MATERIAL**

For any documents withheld on privilege grounds, or any other grounds, please provide a written response with the following information:

(a) a description of the document sufficiently particular to identify it for purposes of a court order;

(b) the date of the document;

(c) the number of pages of the document;

(d) a list of all persons who participated in the preparation of the document;

(e) a list of all persons who have received or reviewed copies of the document;

(f) a list of all persons to whom the document was circulated, or its contents communicated; and

(g) the nature of the protection claimed.

## **DOCUMENTS TO BE PRODUCED**

1. Any and all documents relating in any way to any complaints made by Plaintiff to any management-level employee of Sodexho, or to any other employee of Sodexho, concerning Plaintiff's belief that he was being discriminated against including but not limited to memos, letters, schedules, notes, diaries, and/or reports of Plaintiff or any other person.

2. Any and all documents relating in any way to Sodexho's response to Plaintiff's alleged complaints, including but not limited to memos, letters, schedules, notes, diaries, and/or reports of Plaintiff or any other person.

3. All documents that refer to, relate to, or support your claims, as set forth in your Complaint.

4. Any witness statements obtained by you regarding or in connection with the instant litigation.

5. Any and all documents submitted by or on behalf of Plaintiff to the Equal Employment Opportunity Commission and/or the Delaware Department of Labor or any other federal or state agency in connection with the Charge of Discrimination filed by Plaintiff against Sodexho.

6. Any and all documents provided to Plaintiff by the Equal Employment Opportunity Commission and/or the Delaware Department of Labor or any other federal or state agency in connection with the Charge of Discrimination filed by plaintiff against Sodexho.

7. Any and all documents relating to or discussing Plaintiff's performance while employed by Sodexho, including but not limited to performance

reviews or other evaluations of Plaintiff, disciplinary notices or commendations, letters, diaries, memoranda, notes, and/or reports of Plaintiff or others.

8.  Any and all diaries, notes and/or calendars kept by Plaintiff, that refer or relate to Plaintiff's employment with Sodexho including, but not limited to, handwritten notes, desk and/or pocket organizers, paper calendars, electronic calendars, electronic schedulers and/or electronic notation devices.

9.  Any and all documents provided to Plaintiff by Sodexho as part of his employment, including but not limited to employee handbooks, manuals, or documents setting forth company policies.

10. Any and all documents related to Plaintiff's claim for compensatory damages, including alleged lost income and benefits, lost future wages, and the like.

11. Any and all documents related to Plaintiff's claim for punitive damages.

12. Any and all documents related to Plaintiff's claim of emotional distress or mental anguish, including but not limited to reports, notes or diagnoses of physicians or psychologists or social workers or other health care personnel; prescriptions written for Plaintiff for medication to address the physical symptoms alleged in the Complaint; or bills or invoices from physicians or psychologists or social workers or other health care personnel.

13. The complete file(s) of any and all expert witnesses retained by Plaintiff and expected to testify at trial, including any expert reports, documents provided to said experts by Plaintiff, documents reviewed by said experts, and any documents or

drafts created by said experts that relate to Plaintiff's claims of discrimination and/or damages.

14. Any and all documents related to claims of discrimination based on age or any other legally protected category that Plaintiff asserted against his previous employers, before his employment with Sodexho began, including but not limited to previous lawsuits based upon claims of discrimination in employment, charges of discrimination filed with the Equal Employment Opportunity Commission or the Delaware Department of Labor or any other similar state agency, and any responses to or resolution of those lawsuits or charges of discrimination.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (I.D.# 2874)
Sarah E. DiLuzio (I.D. # 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
jbrady@potteranderson.com
sdiluzio@potteranderson.com
*Attorneys for Defendant Sodexho, Inc.*

Dated: August 24, 2005
695863/29086

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on August 24, 2005, I electronically filed with the Clerk of the Court using CM/ECF **Defendant's First Request for Production of Documents Directed to Plaintiff** along with the **Notice of Service**. Two true and correct copies were also served upon Plaintiff via first class mail at the following address:

      George Witcher, Pro Se
      2621 Jessup Street
      Wilmington, DE 19802

      /s/ Sarah E. DiLuzio
      Sarah E. DiLuzio (DSB ID No. 4085)
      POTTER ANDERSON & CORROON LLP
      Hercules Plaza, 6th Floor
      1313 North Market Street
      Post Office Box 951
      Wilmington, Delaware 19899-0951
      Tel: (302) 984-6000
      E-mail: sdiluzio@potteranderson.com

695863/29086