## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GEORGE WITCHER,           )
                                 )
          Plaintiff,     )
                                 )
       v.               )     C.A. No. 05-205 (SLR)
                                 )
SODEXHO, INC.,            )
                                 )
          Defendant.   )

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 26, Defendant Sodexho, Inc. ("Sodexho"), by and through its undersigned counsel, hereby propounds and serves the following written interrogatories upon Plaintiff, to be answered in writing and under oath within 30 days after service. These interrogatories are deemed to be continuing. The answers to said interrogatories are to be kept current so as to require further or supplemental answers between the time the interrogatories are served and the time of hearing or trial. If any of the interrogatories cannot be answered in full, they should be answered to the extent possible.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.     "Address" means the present or last known street name and number, city or town, state, zip code, and telephone number.

2.     "Complaint" means the Complaint in the above-captioned matter.

3    "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, electronic mail, and all documents concerning such writing or such oral conversation.

4    "Defendant" means Sodexho.

5    "Describe," "describing," and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion, or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

6.    "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars,

bulletins; manuals; results of investigations; progress reports; analyses; projections;

studies made by or for any business or personal use; working papers; contracts;

agreements; affidavits; declarations; statements; bills; books of accounts; vouchers;

evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs;

invoices; charge slips; receipts; expense accounts; statistical records; cost sheets;

journals; diaries; personal notes; time sheets or logs; computer data (whether in written,

magnetic, electronic, physical or other form); computer disks; audio or video recordings;

job or transaction files; appointment books; books; records, copies, extracts and

summaries of documents; and preliminary intermediate and final drafts of any of the

above, whether used or not.

      7.     "Identify," "identity," or "identification" means, when used in

reference to:

    (1)    a natural person, him or her:

        (a)    full name;

        (b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

        (c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

        (d)    present or last known occupation, position, business affiliation, and job description; and

        (e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered;

    (2)    a company, corporation, association, partnership, or legal entity other than a natural person:

          (a)      its full name;

          (b)      a description of the type or organization or entity;

          (c)      the full address of its principal place of business;

          (d)      the jurisdiction of incorporation or organization; and

          (e)      the date of its incorporation or organization;

(3)      a document:

          (a)      its description (for example, letter, memorandum, report);

          (b)      its title;

          (c)      its date;

          (d)      the number of pages thereof;

          (e)      its subject;

          (f)      the identity of its author, signatory or signatories, and any person who participated in its preparation;

          (g)      the identity of its addressee or recipient;

          (h)      the identity of each person to whom copies were sent and each person by whom copies were received;

          (i)      its present location; and

          (j)      the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when);

(4)      an oral communication or statement:

          (a)      the date and time it occurred;

          (b)      the place it occurred;

    (c)     the complete substance of the communication;

    (d)     the identity of each person:

        (1)     to whom such communication was made;

        (2)     by whom such communication was made; and

        (3)     who was present when such communication was made;

    (e)     if by telephone:

        (1)     the identity of each person:

            (i)     who made each telephone call;

            (ii)     who participated in each call;

    (f)     the identify of all documents memorializing, referring to or relating in any way to the subject of the communication.

8.     "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

9.     "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

10.     "You" or "your" refers to the Plaintiff in the above-captioned matter and/or his agents or representatives.

11.     Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the

plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

## INSTRUCTIONS

1.      Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject , it is to be answered as to each such person or subject separately.

2.      You are to furnish all information which is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

3.      With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

4.    When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

5.    If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

      (a)      identify each document or communication;

      (b)      identify the privilege and set forth the factual basis for the privilege claimed; and

      (c)      set forth each subparagraph of the interrogatory to which each such document or communications is responsive.

6.    If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

      (a)      the identity of each person who determined that each such document would be removed or destroyed;

      (b)      the identity of each person who authorized the destruction or removal of each such document;

      (c)      the identity of each such person who removed or destroyed each such document;

      (d)      the substance and content of each such document; and

      (e)      the date and location and the manner in which each such document was removed or destroyed.

## INTERROGATORIES

1.    State your full name, present address, date of birth and Social Security number.

**RESPONSE:**

2.    State your educational background and academic degrees obtained. [If you are currently working toward a degree, identify the degree sought and progress made toward completion of the requirements for that degree.] As to each item listed in the answer to this interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended.

**RESPONSE:**

3.    With respect to your employment history prior to your most recent employment by Defendant Sodexho, state the identities and addresses of each of your prior employers and the dates during which you were employed by each.

**RESPONSE:**

4.    As to each employer identified above, state the positions held and a description of your duties and responsibilities for each and the dates thereof.

**RESPONSE:**

5.    As to each position identified in the preceding interrogatory, state the name of your supervisor in that position and the nature and substance of any evaluation received while in said position.

**RESPONSE:**

6.    With respect to your employment by Defendant Sodexho, state the dates of each and every position held by you during your employment and your salary or hourly compensation in each position.

**RESPONSE:**

7.    As to each position identified above, state the precise duties performed by you and identify your direct supervisor(s) in that position.

**RESPONSE:**

8.    If your performance as an employee of Defendant Sodexho was ever evaluated (either formally or informally), state the nature and substance of the evaluation [including in your answer the identity of the person who performed the evaluation, his or her position, your job at the time of the evaluation, and the identity of all documents or communications which refer or relate in any manner to the evaluation].

**RESPONSE:**

9.    Identify all persons having knowledge of the evaluations of your work performance while employed by Defendant Sodexho. As to each such person so identified, described fully his or her knowledge.

**RESPONSE:**

10.    With respect to your claims for damages contained in the Complaint, set forth the identity of all documents or oral communications which refer or relate in any manner to, and all persons having knowledge of, your claim for damages and/or the calculation of same [as to each such person so identified, describe fully his or her knowledge].  Attach a copy to your answers of each document identified herein.

**RESPONSE:**

11.    With respect to your claim for attorney's fees, state the amount and method of computation of any attorney's fees you have paid and/or agreed to pay.  [In describing the method of computation, state whether counsel has been retained on an hourly, *per diem*, retainer, or contingency basis.]

**RESPONSE:**

12.    Identify each employer for whom you have worked subsequent to your resignation from Defendant Sodexho and state the dates of said employment.

**RESPONSE:**

13.    As to each employer identified in your response to Interrogatory No. 12, identify each position held by you and the duties and responsibilities of said position.

**RESPONSE:**

14.    As to each position identified in response to the preceding interrogatory, identify your immediate supervisor and state the nature and substance of any evaluation received by you while in that position.

**RESPONSE:**

15.    As to each employer identified in response to Interrogatory No. 12 for which your employment was terminated (either by you or your employer), state the date of termination and the reason for the termination of employment.

**RESPONSE:**

16.    With respect to your claim for damages, identify any additional sources of income (including, though not by way of limitation, income earned while self-employed or as a sole proprietor of a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, Social Security benefits and disability benefits) which you have received subsequent to your employment at Defendant Sodexho.

**RESPONSE:**

17.    With respect to each source of income identified in the preceding interrogatory, state the amount of the income received (including the initial rate of payment and the amount of all subsequent increases), the dates of commencement and termination of each source of income, and the reasons for termination of each source of income.

**RESPONSE:**

18.    Describe in detail all efforts by you to obtain employment subsequent to your employment with Defendant Sodexho [including in your response the identity of any other employers as to whom inquiries were made regarding possible employment and the dates thereof, the identity of all employment agencies and/or placement firms which were contacted during each period of unemployment and the dates thereof, and the identity of the positions sought and the applicable compensation].

**RESPONSE:**

19.    Identify all prospective employers with which you had interviews and/or which offered you a position subsequent to your employment at Defendant Sodexho.

**RESPONSE:**

20.    As to each employer who offered you a position subsequent to your employment with Defendant Sodexho, identify the position offered and proposed compensation.

**RESPONSE:**

21.    For each paragraph of the Complaint, identify by name, address and telephone number (if known) all persons having knowledge of facts relevant to the subject mater of this litigation.

**RESPONSE:**

22.    Describe in detail the extent and nature of the knowledge held by each person identified in the preceding interrogatory.

**RESPONSE:**

23.    Identify each expert whom you expect to testify at trial.

**RESPONSE:**

24.    As to each person named in the answer to the preceding interrogatory, state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each opinion.

**RESPONSE:**

25.    As to each person named in the answer to Interrogatory No. 23, set forth fully the qualifications, training, professional and practical experience, education and degrees obtained by such person [including in your response the dates and/or years of same, as well as the names and addresses of each institution attended].

**RESPONSE:**

26.    Identify all articles, treatises or writings, lectures, seminars or other speaking engagements of any nature authored or conducted by each of the experts identified in the answer to Interrogatory No. 23, including any writings or reports referring or relating to the subject matter of such person's proposed testimony in the within litigation.

**RESPONSE:**

27.    As to each person named in the answer to Interrogatory No. 23, described fully each lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, any administrative agency, or any court in which such person has given any testimony, by deposition or in person [including in your response the names of the parties to each such case or other proceeding, the court, agency or body involved, the docket number, and the dates of the testimony by such person].

**RESPONSE:**

28.    As to each person named in Interrogatory No. 23, describe fully each lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, any administrative agency, or any court in which such person has been employed to assist in the preparation of the prosecution or defense [including in your response the names of the parties to each such case or other proceeding, the court, agency or body involved, and the docket number].

**RESPONSE:**

29.    Identify each person who investigated the subject matter of this litigation for you or your attorneys, or on your or their behalf.

**RESPONSE:**

30.    If the persons named in response to the preceding interrogatory have taken statements from any person regarding this matter, describe in detail the nature and contents of the statement [including in your answer the identity of the person from whom a statement has been taken, when and where the statement was taken, the type of statement taken, whether written, recorded or oral, the identity of the investigator who took the statement and the purpose of making the statement]. Attach a copy of each such statement to your answers to these interrogatories.

**RESPONSE:**

31.    Identify any persons other than those identified in the preceding interrogatories who have taken or made statements concerning this matter.

**RESPONSE:**

32.    As to each person identified in the preceding interrogatory, describe in detail the nature and contents of the statement [including in your answer the identity of the person making each such statement, when and where each such statement was taken, the type of statement taken, whether written, recorded or oral, and the purpose of making the statement]. Attach a copy of each such statement to your answers to these interrogatories.

**RESPONSE:**

33.    If you have ever filed any charge or complaint with any federal, state or local agency or court, describe in detail the circumstances surrounding the filing of the charge or complaint [including in your answer the identity of such agency or court involved, the date of filing and docket number of each such charge or complaint, and describe each allegation therein]. Attach a copy of each such charge or complaint to your answers to these interrogatories.

**RESPONSE:**

34.    If you have ever been a party to any judicial or administrative proceeding, describe in detail the nature of such proceeding and your participation therein [including in your answer the date of filing and docket number of each such proceeding, the present status of each such proceeding and, if same has been disposed of, the disposition thereof].

**RESPONSE:**

35.    Identify each physician, psychiatrist, psychologist, counselor, therapist, or other health professional or provider whom you have consulted and/or from whom you have sought treatment for any reason during the last ten years.

**RESPONSE:**

36.    If in response to any interrogatory you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support such claims.

**RESPONSE:**

37.    Identify any and all persons who aided, assisted or participated in any manner in the preparation of the answers to this First Set of Interrogatories.

**RESPONSE:**

38.    Identify any and all documents relied upon or used in the preparation of the answers to this First Set of Interrogatories, and attach a copy of each document to your answers.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: *Elizabeth King*
    Jennifer Gimler Brady  (ID No. 2874)
    Elizabeth King  (ID No. 4475)
    1313 North Market Street—6th Floor
    P.O. Box 951
    Wilmington, Delaware  19899-0951
    (302) 984-6000 - Telephone
    (302) 658-1192 - Facsimile
    jbrady@potteranderson.com - Email
    eking@potteranderson.com - Email

    *Attorneys for Defendant Sodexho, Inc.*

Dated:  November 21, 2005
PA&C-707945