REDACTED

Exhibit L

Sodexho

**CONFIDENTIAL**
**HOURLY EMPLOYEE PERFORMANCE & DEVELOPMENT APPRAISAL**

EMPLOYEE'S NAME: George Witcher    DATE: 3/28/05
POSITION: Driver 1                  UNIT: New Castle Co. Library
DATE OF LAST REVIEW: 4/7/03 (Hire date)
APPRAISAL PERIOD:   FROM 4/7/03    TO 4/7/04

### PERFORMANCE RATING

Review and rate the employee's performance for the appraisal period indicated. At the appropriate places on this form, indicate the level which best describes the individual's current performance.

**Level 1:**
Performance far exceeds standards established in the job description and/or by management even on some of the most complex parts of the job. Extremely accurate worker, and corrects any errors made. Seizes the initiative in the implementation of daily duties and does not require direction or supervision. This category is reserved for a small percentage of employees whose performance level is well above expectations.

**Level 2:**
Consistently exceeds standards established in the job description and/or by management. Work is accurate, errors are few and seldom repeated. Dependable in accomplishing job duties on time, and handles them with a minimal amount of supervision and follow up.

**Level 3:**
Consistently meets standards established in the job description and/or by management. Work is consistent, errors are infrequent. Completes work on schedule, however, may require help with non-routine tasks. Requires normal supervision and follow up.

**Level 4:**
Job performance is inconsistent. Work is usually acceptable, but occasionally below standards. May require assistance with routine procedures. Requires frequent supervisory direction and follow up. Counseling, training, and experience are necessary to meet standards in select areas.

**Level 5:**
Does not meet job standards. Fails to produce the quantity and quality of work required by the position. Constant supervision and follow up is required. Requires extensive counseling, training, and experience to meet standards. Immediate improvement necessary.

---

**Customer Satisfaction:**                            1    2    3    4    5
Employee understands the importance of customer and client satisfaction and consistently strives to achieve this standard. Employee is constantly cheerful and interested in helping the customer at all times.

Comments/Action Plan and Date _____

_____

_____

**Job Skills:**                                       1    2    3    4    5
Employee consistently uses company procedures to complete tasks. Skills and abilities meet the job requirements at the current performance level. Little supervision is required to complete tasks to meet company standards.

Comments/Action Plan and Date _____

_____

265 (03/99)
Page 1 of 2

**Productivity:**                                                                 1    2    3    4    5
Employee consistently maintains pre-determined quantity and quality standards. Employee seeks to improve operating procedures to increase efficiency/productivity of the unit.

Comment/Action Plan and Date _____
_____

**Teamwork:**                                                                     1    2    3    4    5
Employee regularly contributes to the efficient operation of the department/unit. Employee has a positive attitude and cooperates with coworkers and management. Easily adapts to and accepts new situations, and independently takes initiative to help in all areas.

Comment/Action Plan and Date _____
_____

**Appearance:**                                                                   1    2    3    4    5
Employee is clean, neat and well groomed. Uniform is well maintained, and a name tag is worn consistently.

Comment/Action Plan and Date _____
_____

**Attendance:**                                                                   1    2    3    4    5
Employee reports to work on time and as scheduled. Follows established procedures if delayed or unable to report.

Comment/Action Plan and Date _____
_____

**Safety:**                                                                       1    2    3    4    5
Employee follows corporate safety policy and unit programs and practices safe working habits on a consistent basis. Reports potential safety hazards, and follows established procedures in the event of an accident.

Comment/Action Plan and Date _____
_____

**Overall Rating**                                                                1    2    3    4    5

Supervisor Comments: _Due to the change in Management over the last year in the various locations where George has worked, we will be giving George a 2.5% increase Retro from 4/7/04 to 3/28/05. A full performance & developmental appraisal will occur going forward on his upcoming Anniversary date of 4/7/05 for the period 4/7/04 - 4/7/05_

Employee Comments: _____

_____  3/28/05    _____  3/28/05
Employee's Signature            Date       Supervisor's Signature            Date

_____  _____    _____  _____
Unit/Account Manager's Signature  Date     District Manager's Signature       Date
                                           (Out-of-Policy Increases)

Next Review Date: __4/7/05__               Proposed Rate: __9.22__
Current Rate: __9.00__                     Percentage Increase: __2.5%__

Due to the change in management over the last year in the various locations where George has worked, we will be giving George a 2.5% increase retro from 4/7/04 to 3/28/05. A full performance and developmental appraisal will occur going forward on his upcoming anniversary date 4/7/05 for the period 4/7/04 to 4/7/05.

**Sodexho**

**CONFIDENTIAL**
**HOURLY EMPLOYEE PERFORMANCE & DEVELOPMENT APPRAISAL**

EMPLOYEE'S NAME: George M. Witcher    DATE: April 21, 2005
POSITION: Driver + Prep of Grab+Go for 2 locations    UNIT: 44233-001
DATE OF LAST REVIEW: Apr. 2004
APPRAISAL PERIOD:    FROM Apr 2004    TO Apr 2005

## PERFORMANCE RATING

Review and rate the employee's performance for the appraisal period indicated. At the appropriate places on this form, indicate the level which best describes the individual's current performance.

**Level 1:**
Performance far exceeds standards established in the job description and/or by management even on some of the most complex parts of the job. Extremely accurate worker, and corrects any errors made. Seizes the initiative in the implementation of daily duties and does not require direction or supervision. This category is reserved for a small percentage of employees whose performance level is well above expectations.

**Level 2:**
Consistently exceeds standards established in the job description and/or by management. Work is accurate, errors are few and seldom repeated. Dependable in accomplishing job duties on time, and handles them with a minimal amount of supervision and follow up.

**Level 3:**
Consistently meets standards established in the job description and/or by management. Work is consistent, errors are infrequent. Completes work on schedule, however, may require help with non-routine tasks. Requires normal supervision and follow up.

**Level 4:**
Job performance is inconsistent. Work is usually acceptable, but occasionally below standards. May require assistance with routine procedures. Requires frequent supervisory direction and follow up. Counseling, training, and experience are necessary to meet standards in select areas.

**Level 5:**
Does not meet job standards. Fails to produce the quantity and quality of work required by the position. Constant supervision and follow up is required. Requires extensive counseling, training, and experience to meet standards. Immediate improvement necessary.

---

**Customer Satisfaction:**                                   1    2    3    4    5
Employee understands the importance of customer and client satisfaction and consistently strives to achieve this standard. Employee is constantly cheerful and interested in helping the customer at all times.

Comments/Action Plan and Date _____N/A_____

**Job Skills:**                                              1    2    3+   4    5
Employee consistently uses company procedures to complete tasks. Skills and abilities meet the job requirements at the current performance level. Little supervision is required to complete tasks to meet company standards.

Comments/Action Plan and Date __Basically works on his own, sometimes needs to be reminded of portion controls - uses less product than specified__

285 (03/98)
Page 1 of 2

**Productivity:**                                             1   2   ③   4   5
Employee consistently maintains pre-determined quantity and quality standards. Employee seeks to improve operating procedures to increase efficiency/productivity of the unit.

Comment/Action Plan and Date  _Always has ideas for improving products especially the packaging_

**Teamwork:**                                                 1   2   3 $^{3.5}$ ④  5
Employee regularly contributes to the efficient operation of the department/unit. Employee has a positive attitude and cooperates with coworkers and management. Easily adapts to and accepts new situations, and independently takes initiative to help in all areas.

Comment/Action Plan and Date  _Volunteers to assist with all aspects of the operation._

**Appearance:**                                               1   2   ③   4   5
Employee is clean, neat and well groomed. Uniform is well maintained, and a name tag is worn consistently.

Comment/Action Plan and Date  _Always neat & clean_

**Attendance:**                                               1   2   ③   4   5
Employee reports to work on time and as scheduled. Follows established procedures if delayed or unable to report.

Comment/Action Plan and Date  _Usually very dependable. Missed 1 holiday when arrangements had been made to give him access to the building and he didn't show up._

**Safety:**                                                   1   2   ③   4   5
Employee follows corporate safety policy and unit programs and practices safe working habits on a consistent basis. Reports potential safety hazards, and follows established procedures in the event of an accident.

Comment/Action Plan and Date  _____

**Overall Rating**                                            1   2   ③   4   5

Supervisor Comments:  _Appreciate George's willingness to help his co-workers anytime he is ask._

**Employee Comments:**  _____

Employee's Signature / Date             Supervisor's Signature  _Carol Sexton_   4/21/05
Unit/Account Manager's Signature / Date   1/21/05      District Manager's Signature / Date (Out-of-Policy Increases)

Next Review Date: _Jan. 2006_           Proposed Rate: _____
Current Rate: _9.23_                    Percentage Increase: _3%_

265 (03/99)
Page 2 of 2

Exhibit M

Case 1:05-cv-00205-SLR    Document 30-2    Filed 12/13/2005    Page 7 of 20

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**
☐ FEPA 04070572
☐ EEOC 17CA400562

**Delaware Department of Labor** and EEOC
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Geoge M. Withcer | 302-762-3249 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2621 Jessup St. | Wilmington DE 19802 | NC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Sodexho | +100 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 6081 Hamilton Blvd. | Allentown, PA 18106 |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE
☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 4/9/2003
LATEST 6/10/2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I: I am in individual approximately 60 years of age who began working for the Respondent in their Barley Mills facility under contract with the DuPont Co. on April 6, 2003. On June 10, 2004 I was working in the kitchen speaking to some of my other coworkers. In this environment the use of certain amounts of profanity is commonplace. At this time my supervisor Donna Haughney, reprimanded me for the language I was using. I asked her why this was a problem with me since everyone in the kitchen was using the same sort of language. I then voiced some concern that I was being singled out because of some prejudice she may have had. She then instructed me to go to the office and wait for members of management to arrive. Shortly thereafter Mark Teoli, Executive Chef and Mark Piasano, Manager told me that I had been suspended. I assume it was because of my use of profanity. I noticed on several instances that the Respondent has tolerated the same behavior and did not suspended younger employees. Specifically, John Lewis, food service worker, under 40 years of age. Mr. Lewis frequently uses profanity in the same or very similar circumstances and is not disciplined. Also Gary Rodgers, Manager, said that I was the oldest worker in the company and several comments about my age without any purpose. On 3/15/2004 during a performance review Mark Teoli asked me if I was too old to accomplish my assigned tasks.

II: The Respondent never gave me an actual reason for my suspension. However, I believe it was a result of my using profanity in the kitchen.

III: I believe I have been discriminated against in violation of The Age Discrimination in Employment Act and the Delaware Discrimination in Employment Act, as amended inasmuch as: 1. I was suspended for using profanity in an area where such use was commonplace. 2. The Respondent tolerates the use of such language by its younger employees. 3. Management personnel of the Respondent have made comments to me in the past that gave me the impression that they felt I was too old to perform my job. 4. I have never had any problem in the past performing my assigned tasks because of my age.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/08/04    Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date (Day, month, and year)

EEOC FORM 5 REV 6/92    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

*Winner, Delaware Quality Award of Merit*

July 22, 2004

**George M. Witcher**
2621 Jessup Street
Wilmington, DE 19802

**RE:**   **Witcher v. Sodexho**
         **Case No.: 04070572/17CA400562**

Dear **Mr. Witcher**:

This will acknowledge receipt of your Charge of Discrimination. You should keep this letter and the enclosed copy of your charge for future reference.

It is your responsibility to keep this Agency informed of your address and telephone number at all times. Should you change your address and/or telephone number, please notify this Agency immediately. Failure to do so could result in an administrative closure of your case. Thank you for your attention.

Sincerely,

Julie Cutler

Julie Cutler, Supervisor
Office of Labor Law Enforcement

Enclosures

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER
☐ FEPA   04100779
☐ EEOC   17CA500027

**Delaware Department of Labor** and EEOC
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) George Marvin Witcher | **HOME TELEPHONE NO.** (Include Area Code) (302) 762-3249 |
| **STREET ADDRESS** 2621 Jessup Street  **CITY, STATE AND ZIP CODE** Wilmington DE 19802 | **COUNTY** NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME Sodexho | NO. OF EMPLOYEES OR MEMBERS 100+ | TELEPHONE NUMBER (Incl. Area Code) (302) 999-3558 |
|---|---|---|
| **STREET ADDRESS** 4417 Lancaster Pike  **CITY, STATE AND ZIP CODE** Wilmington, DE 19805 | | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS  CITY, STATE AND ZIP CODE | | |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE
☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 8/4/2004
LATEST 9/30/2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party works for Respondent in Delaware at the Chestnut Run Site
Charging Party's protected class: Previously filed a charge of discrimination
Adverse employment action: Denied a raise
Employment harm: Harassment
Applicable law(s): Title VII of the Civil Rights Act and Delaware Discrimination in Employment Act
Respondent's explanation: Have not provided a reason for not giving Charging party a raise
Comparator(s) or other specific reason(s) for alleging discrimination: When I was disastisfied with Respondent's investigation results into my complaints of discrimination, so I filed my original charge of discrimination with DDOL. Respondent received the charge of discrimination on 07/30/04. Since that time I still have not received a raise and Respondent refuses to respond when I inquire about the status of my raise. In addition, September 23rd and 24th 2004, when the entire site was closed for renovations/construction I was the only food service preparer instructed to report to that site to work. All my co-workers were sent to other sites to work for those two days or given those days off. Charging Party was falsely acussed of violating company policy and as a result received a written disciplinary action on September 30, 2004.
Additional information and verification of these facts are provided by the attached Affidavit.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

10-7-04   _[signature]_
Date       Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date _____ (Day, month, and year)

EEOC FORM 5
REV 6/92

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EEOC DATA FORM

| Charge #: | Date: 10/07/04 |
|---|---|

## Charging Party Information

| | | | |
|---|---|---|---|
| **Name:** | George Marvin Witcher | | |
| **Street:** | 2621 Jessup Street | **City:** | Wilmington |
| **County:** NCC | **State:** DE | **Zip:** | 19802 |
| **Tel (H):** (302) 762-3249 | | **Tel (W):** | |
| **DOB:** | **Sex:** Male | **Race:** | Black |
| **Nat'l Origin:** U.S. | | **SSN:** | |

## Contact Person

**Name:** Kizzy Witcher
**Tel (H):** (302) 498-0844          **Tel (W):**
**Address:**

## Employment Information

**Date of Hire:** 04/07/03
**Date of Termination:** N/A
**Date of Alleged Violation:** 09/03/04
**Relief Sought:** To be granted a raise
**Check One:** ☐ working  ☐ not working  ☐ sought employment at

## Respondent Information

**Name:** Sodexho
**Address:** 4417 Lancaster Pike  Wilmington, DE  19805
**Type of Business:** Food Service
**Size of Business:** 100+

## Basic Charge Data

| | |
|---|---|
| Receiving Office: 17C | Intake Unit: 1 |
| Accountable Office: 17C | Intake Officer: mss |
| Initial Inquiry: 09/13/04 | Respondent Type: E |
| Received this Office: 10/07/04 | County: 003 |
| Source of Complaint: A | SMSA: 9160 |
| Federal Referral Transfer: | SIC: 580 |
| Alleged Basis: OR | Federal Agency: |
| | Alleged Issues: H1, P2 |

## CONTINUATION OF EEOC AFFIDAVIT

### SIGNATURE PAGE

This Affidavit has been prepared by a representative of the EEOC in an official capacity as part of an investigation. It has been read by me and I agree with the contents. Where changes (if any) were necessary, I have initialed such changes.

If affidavit is signed before a Notary Public, complete the following:

_____
Signature of Interviewee

State of _____          My Commission expires _____

County of _____

Subscribed and sworn to before me on

This      day of           ,

20    , at          .                              _____
                                                    Signature of Notary Public

Sign below if affidavit is signed before an EEO Representative:

| I declare under the penalty that the foregoing is true and correct. | | | |
|---|---|---|---|
| DATE 10/07/04 | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE *m Shutto* | PAGE OF |

**PRIVACY ACT STATEMENT:** (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC FORM 133, EEOC AFFIDAVIT, August 1985.

2. **AUTHORITY:** 42: USC 2000e(9), 29 USC 201, 29 USC 621.

3. **PRINCIPAL PURPOSES.** Provides a standardized format for obtaining from the Charging Party, Respondent and Witness sworn statements of information relevant to a charge of discrimination.

4. **ROUTINE USES.** These affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Title VII, Equal Pay Act, and Age Discrimination in Employment Act litigation, to impeach or substantiate a witness's testimony.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Voluntary. Failure to provide an affidavit has no effect upon the jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties are, of course, relied upon more heavily than unsworn statements in making determination as to the existence of unlawful discrimination.

EEOC FORM 133 (8/85)

Letter to the editor                                           October 17, 2004

Why would Du Pont Chestnut Run Site allow Sodexho (one of the worlds largest food service providers) to use their kitchen for food preparation while the cafeteria was closed on September 23 & 24 2004 for major renovation?
The kitchen had to be contaminated with airborne particles, was the food Contaminated also?
That prepared food went to the Brandywine and Newark New Castle County Public Libraries Cafes.
Right next to the kitchen loading dock are panels on the side of the building that are stamped **"DANGER ASBESTOS"**
Was asbestos in the cafeteria as well? The public has a right to know.

George Witcher
2621 Jessup Street
Wilmington, Delaware 19802
302-762-3249



**STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS**
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

COPY

March 7, 2005

*Winner, Delaware Quality Award of Merit*

Mr. George Witcher
2621 Jessup Street
Wilmington, DE, 19802

RE:   Witcher v. Sodexho
      Case No.:04100779/17CA500027
      <u>Notice of Preliminary Determination; Right to Respond</u>

Dear Mr. Witcher:

Please be advised that the Discrimination charge that was filed with this agency has been assigned to me for investigation. I am writing to review the evidence gathered thus far, and to present you with the opportunity to respond to the information at hand.

You stated that it is your belief that you were discriminated against in violation of Title VII of the Civil Rights Act and the Delaware Discrimination in Employment based on retaliation when because of you filing a discrimination charge with the Delaware Department of Labor you were retaliated against when the Respondent subjected you to less favorable treatment then your co-workers by refusing to give you a hourly wage increase. Additionally you state that the Respondent on September 23rd and 24th 2004 forced you to report to a work facility that was unsafe particularly for the preparation of food. You state that your co-workers were given the day off or moved to other sites. You state that after reporting to the site, on September 30, 2004 you were given a written reprimand for violating company policy.

Respondent has not denied your Discrimination claim. Respondent has not provided a response, and has produced no evidence to show that they did not discriminate against you based on retaliation. You as Charging Party have not provided sufficient evidence of retaliation. You state that you were retaliated against when the Respondent subjected you to less favorable treatment then your co-workers by refusing to give you an hourly wage increase. You have provided no evidence that you were entitled to a raise nor have you provided the criteria for which the Respondent grants raises. Furthermore you state that the Respondent forced you to work at an unsafe facility and allowed your co-workers other options. You again have provided no evidence that such was forced upon you and that you did not take it upon yourself to just show up there, which would give cause for the Respondent to take disciplinary actions against you. More so, in a discrimination case based on retaliation the Charging party has the burden of proving by preponderance of evidence that discrimination occurred. To date you have not met that burden.

Form I-01 : 08/04

Based on the above information, there is insufficient evidence to support your allegation of discrimination based retaliation. If you have additional documentation or witness statements that may have a bearing on the outcome of this case, please furnish such information to me within ten (10) days from the date of this letter. If you fail to provide such information, a decision will be made without further input from you. I may be reached at the above address or by telephone at 302 761- 8200

Sincerely

Theodore R. Robinson
Labor Law Enforcement Officer
Office of Labor Law Enforcement

cc: Julie K. Cutler, administrator

Form I-01 : 08/04



**STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS**
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

*Winner, Delaware Quality Award of Merit*

March 8, 2005

Sodexho
9801 Washingtonian Boulevard
Gaithersburg, MD 20878
Attn: Geonisa Harris, EEO Representative.

RE:     Witcher v. Sodexho
        Case No.04070572/17CA400562

Dear: Ms. Harris

As you are aware, the above-referenced Charge of Discrimination has been assigned to me for investigation. I have reviewed the materials submitted to date, and find that I need the following additional data:

1. Please provide file copies of any and all documentation concerning the investigation that was done by Patty Weick concerning Charging Party's aligations. Please include the names of all eleven (11) individuals interviewed, any statements taken and their contact information.

The above materials must be provided by no later than March 18, 2005. Please contact me at (302) 761-8222 if you have any questions. Thank you for your attention and anticipated cooperation.

Sincerely,


Theodore R. Robinson
Labor Law Enforcement Officer
Office of Labor Law Enforcement

U.S. Federal Department of Transportation
Division Administrator

March 17, 2005

To Whom It May Concern:


My name is George Witcher I work for Sodexho, Inc. I prepare and
deliver food to New Castle County Libraries located in Brandywine
Hundred and Newark Del. five days a week. On Feb. 9, 2005 The
Van that I make my deliveries in stalled on me, it started right up, but
the check engine light came on. I reported the problem to my supervisor
the same day. I told my supervisor on a daily basis that the engine
light was still on; but nothing was done about it. On Feb, 16, 2005
when I told my supervisor about the Van again she called a manager
and told him about the problem that I was having with the Van
he told her that the company was getting me a different Van,
The engine light has not gone out, the Van stalled on me Feb. 23, 2005
while I was entering onto I 95 I reported that incident to my supervisor
again the only thing they said was you will get a different Van soon.
The Regional and General Managers know about this problem they keep
telling my supervisor that the Van will be replaced, that's been three weeks
A go. I've been having this problem since Feb. 9, 2005
I 'm very concerned about my safety and the safety of others.
My wife called OSHA and they told her to call your office. I travel about
45 miles round trip daily and most of those miles are spent on I-95, I feel
that this vehicle is going to stop in the middle of traffic one day if its
not taken off the road and fixed. The Van sticker # is A-18 9122887 and it's
located at 87 Reads Way at the New Castle County Government Center. I'm
the only one that drive the Van, so someone would have to come to the
center when I'm there. My hours at the center are 6:30am to 9:30am I return
back to the center at about 12:30 pm. Someone can call me @ 562-2013 and
I would meet them. I hope you give this matter your immediate attention.
 Thanks
George M. Witcher

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

George Witcher                                                04070572
2621 Jessup Street
Wilmington, DE 19802
vs.
Sodexho
9801 Washingtonian Boulevard 12th floor
Siute1257A
Gaithersburg, MD 20878
Attn: Geonisa E. Harris, EEO Representative


**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Administrative Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. You may have additional rights under federal laws.

3/24/05
Date issued

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12A : 10/04

# **FACT FINDING STATEMENT**

Claimant: George M. Witcher
SS Number:          Address :
Address: 2621 N. Jessup Street
Wilmington, Delaware 19802

Employer:Sodexho Inc.
9801 Washington
Blvd. Gaitherburg,M.D.
Supervisor: Carol Sexton
Phone:302-477-2540

Employed from April 7,2003 to July 7, 2005  Salary: $9.50hr.
Type of Work :Driver/food service worker.

Statement:

On July 7,2004 I filed a complaint of age discrimination with the Dept. of Labor.
On Oct. 7, 2004 I filed a complaint of retaliation with the Dept. of Labor.
On April 7, 2005 I filed a complaint in the US District Court.
All of these complaints were filed against my former employer.
Since my first filing against Sodexho the company has created a hostile working environment for me. I have been harassed by management, made to work in a unsafe work area and I had to drive a unsafe vehicle. In March 2005 the company made me a offer to settle my case, I refused their offer and I believe that's the reason why they didn't fix the vehicle I was driving until I almost had a serious accident around the 9th of April 2005. Because of the emotional distress Sodexho has caused me I just couldn't take the pressure of working in a hostile environment anymore I had to leave.

*George M. Witcher*
*2621 Jessup Street*
*Wilmington, Delaware 19802*

Carol Saxon
General Manager
Sodexho Inc.                                                        June 23, 2005

**RE: Two week notice**

Dear Carol,

During the past year I've been discriminated and retaliated against I have also been continously harassed, all because I filed a complaint against the company for age discrimination. Because of this on going problem that I'm having with the company I'm giving you my two week notice that I 'm leaving the company effective July 8, 2005.

I can no longer work for a company that supports and encourages Discrimination, retalition and harassment of their employees.

Sincerly

*[signature]*

George M. Witcher