IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE WITCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-205 (SLR) |
| | ) | |
| SODEXHO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE
PLAINTIFF'S EXPERT DESIGNATION**

Defendant Sodexho, Inc. ("Sodexho") hereby moves to strike the expert designation of Pedro Ferreira, Ph.D., M.B.A.. For the following reasons, Sodexho's Motion to Strike should be granted.

1. Following a request from the Plaintiff for an extension of the scheduling order in this matter, on October 5, 2005 the Court entered a Revised Scheduling Order. That Order set February 14, 2006 as the date for completion of all discovery. Dispositive motions are then due March 14, 2006.

2. Sodexho served its First Set of Interrogatories Directed to Plaintiff on November 21, 2005. Interrogatory number 23 stated: "Identify each expert whom you expect to testify at trial." (D.I. 22, attached as Exhibit A) Interrogatories numbered 24 through 28 then sought to elicit more detailed information about the expert's proffered opinions, the basis for those opinions, his experience and qualifications.

3. Plaintiff's initial responses to the interrogatories were served on December 7, 2005 and identified four individuals in answer to Interrogatory number 23: Captain James Bering, Psychologist Dr. Lawrence Elwood, Psychiatrist Dr. Mario Castillo, and Dr. James Thomas. (D.I. 28, attached as Exhibit B) Mr. Bering was

expected to testify that "detaining someone against his or her will is false imprisonment" and Drs. Elwood, Castillo, and Thomas were designated in order to testify about Plaintiff's "mental state during examination." Plaintiff did not answer Interrogatories numbered 25-28, which would have elucidated the qualifications and experience of Plaintiff's identified "experts."

4.     Accordingly, on December 27, 2005, counsel for Sodexho wrote to Plaintiff advising him that several of his responses to the First Set of Interrogatories were deficient and requesting that he supplement those responses. (attached as Exhibit C)

5.     On January 6, 2006, Plaintiff served Sodexho with supplemental responses to the Interrogatories, which state in response to Interrogatories numbered 24-28: "I'm withdrawing all expert witnesses." (attached as Exhibit D)

6.     Yet on February 3, 2006, Plaintiff served "Plaintiff's Amendment to the first set of interrogatories from the defendant," in which he identified, for the fist time, Dr. Pedro Ferreira as an expert witness. (D.I. 32, attached as Exhibit E) On February 7, 2006 (just two business days later), Sodexho served a subpoena and notice of deposition duces tecum upon Dr. Ferreira to appear for a deposition upon oral examination on February 14, 2006, the final day of the discovery period in this matter. (D.I. 34-37)

7.     Dr. Ferreira called Sodexho's counsel on February 9, 2006 and advised that he was out of town until February 17 and could not be present for the scheduled deposition. Additionally, Dr. Ferreira indicated that he had not yet evaluated Plaintiff, but would submit himself for deposition once he had done so.

8.     Federal Rule of Civil Procedure 26(a)(2) sets forth the requirements for the proper disclosure or designation of an expert witness. It provides

that disclosure of an expert witness "shall ... be accompanied by a written report prepared and signed by the witness." *See* Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied). That written report "shall contain" the following information: (i) a complete statement of all opinions to be expressed and the basis and reasons therefor; (ii) the data or other information considered by the witness in forming the opinions; (iii) any exhibits to be used as a summary of or support for the opinions; (iv) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (v) the compensation to be paid for the study and testimony; and (vi) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. *Id* (emphasis supplied).

9. To date, no report of any kind has been received from Dr. Ferreira.

10. Nor has Plaintiff identified the opinions Dr. Ferreira intends to express. In his latest supplemental response to the First Set of Interrogatories, Plaintiff does not even identify the topics upon which Dr. Ferreira is expected to testify[1]. At this stage of the litigation, Sodexho should not be left to wonder what expert testimony Plaintiff will attempt to present at the trial in this matter.

11. Plaintiff has also failed to provide a comprehensive account of Dr. Ferreira's qualifications, or the parties' payment arrangement, in accordance with Fed. R. Civ. P. 26(a)(2)(B).

---

[1] In his initial responses to the First Set of Interrogatories, however, Plaintiff indicated that the physicians and psychologist identified were expected to testify as to Plaintiff's "mental state at the time of examination." This is the only guidance offered Sodexho as to what it can expect from Dr. Ferreira.

12. It is unlikely that a report from Dr. Ferreira is forthcoming, and it will certainly not arrive before the close of discovery, since Dr. Ferreira has yet to even examine Plaintiff.

13. Given the untimely designation of Dr. Ferreira and the lack of substantiation of the opinions he intends to offer should this matter go to trial, Plaintiff should be foreclosed from offering him as an expert witness in this matter. If the Court does not strike Plaintiff's expert designation, Sodexho will be significantly prejudiced in its trial preparation (should this matter go to trial).

14. In the event that the Court does not strike the designation of Dr. Ferreira, Plaintiff should be required to provide an expert report within 30 days, after which time Sodexho requests leave to conduct his deposition and subpoena his records outside of the discovery period. Sodexho further preserves its right to counter-designate an expert witness based on the report and testimony of Dr. Ferreira. All other dates in the Revised Scheduling Order will remain the same and no further discovery will be had.

WHEREFORE, Sodexho respectfully requests that this Court strike the expert designation of Dr. Pedro Ferreira. A form of order is attached for the convenience of the Court. In the alternative, Sodexho requests leave to conduct the deposition of Pedro Ferreira, Ph.D., M.B.A., out of time; all other dates in the Revised Scheduling Order would remain unchanged.

5

          POTTER ANDERSON & CORROON LLP

By: */s/ Sarah E. DiLuzio*
    Jennifer Gimler Brady (I.D.# 2874)
    Sarah E. DiLuzio (I.D. #4085)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    (302) 984-6000 - Telephone
    jbrady@potteranderson.com
    sdiluzio@potteranderson.com

Dated: February 14, 2006
719445

*Attorneys for Defendant Sodexho, Inc.*