**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2166
_____

GEORGE WITCHER,
                              Appellant
vs.

SODEXHO, INC.
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00205)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 5, 2007
Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed:  September 6, 2007)
_____

OPINION
_____

PER CURIAM.

George Witcher, acting pro se, appeals an order of the United States District Court for the District of Delaware granting summary judgment in favor of Sodexho, Inc., on claims of age discrimination and retaliation in violation of the Age Discrimination in

Employment Act ("ADEA") and the Delaware Discrimination in Employment Act ("DDEA").[1]

Witcher began working as a delivery driver for Sodexho in April of 2003, when he was 58 years old. He resigned on June 23, 2005, at the age of 60. Witcher's complaint alleges that during this time, Sodexho discriminated against him on the basis of age and retaliated against him after he complained of this treatment. In support of the discrimination claims, he points to three incidents: a conversation with his supervisor in late 2003 in which his age was mentioned as a factor that should have led Witcher to act more responsibly and to keep co-workers in line; a conversation with other managers in March of 2004 during which Witcher was asked once whether he was "just too old for the job" during a discussion of his eyesight and ability to drive the delivery van; and a June 2004 confrontation during which Witcher cursed at another supervisor, was escorted off the premises by security personnel, and was suspended with pay for one week while Sodexho conducted an investigation. Witcher identifies as retaliatory four events: the

---

[1] The District Court held that Witcher's state law claims were barred under 19 Del. C. § 714(c) because he had elected to seek federal remedies in a federal forum. See Memorandum Opinion of March 26, 2007 (citing Wilcoxon v. Red Clay Consol. Sch. Dist., 437 F. Supp. 2d 235, 246-47 (D. Del. 2006)). This Court has not directly addressed the question of whether plaintiffs may bring an action in federal court under both the ADEA and the DDEA. We need not decide the issue here, however, as appellant's claims would fail under the DDEA for the same reasons the ADEA claims do not survive summary judgment. See 19 Del. C. § 711(a)(1)("It shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . age.").

failure to receive a scheduled raise in June of 2004; being required to work for two days in September of 2004 while the workplace was under construction and there was danger of asbestos exposure; receiving a written warning for failing to attend work as scheduled in February 2005; and a seven week delay in repairing his delivery van. The District Court found this evidence insufficient to sustain either claim. We agree.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's grant of summary judgment. See Cardenas v. Massey, 269 F.3d 251, 254 (3d Cir. 2001). Summary judgment is appropriate when there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c). In making the determination, we draw all reasonable inferences in favor of the non-moving party. See Cardenas, 269 F.3d at 254.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).[2] Where, as here,

---

[2] To the extent that the complaint in this case can be read to state a claim for hostile work environment or constructive discharge, these claims fail. Appellant has not introduced evidence that his "workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently pervasive to alter the conditions of [his] employment." Kassner v. 2nd Avenue Delicatessen Inc., ___ F.3d ___, No. 05-4237, 2007 WL 2119769, at *6 (2nd Cir. July 24, 2007)(citations omitted). Nor has he established that "the conduct complained of would have the foreseeable result that working conditions would be so unpleasant or difficult that a reasonable person in the employee's shoes would resign." Gray v. York Newspapers, Inc., 957 F.2d 1070, 1079 (3d Cir. 1992)(citations omitted).

there is no direct evidence of discrimination, age discrimination claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Fasold v. Justice, 409 F.3d 178, 184 (3d Cir. 2005). In order to meet his initial burden of establishing a prima facie case of discrimination, appellant must present evidence that he "(1) was over forty years old at the time of the adverse employment decision; (2) is qualified for the position in question; (3) suffered from an adverse employment decision; and (4) that his employer replaced him with someone sufficiently younger to permit a reasonable inference of age discrimination." Id. at 184-85 (citing Potence v. Hazelton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004); Anderson v. Consol. Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002)).

We agree with the District Court that Witcher failed to establish a prima facie case because he has not shown that he suffered from an adverse employment decision. Appellant has not suggested that Sodexho fired or demoted him. See Turner v. Schering-Plough Corp., 901 F.2d 335, 342 (3d Cir. 1990). He has not alleged that his pay was reduced, he was suspended without pay, or suffered any other reduction in benefits or change in employment conditions. See Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778, 788 (3d Cir. 1998). Rather, Witcher has identified two conversations in which his age was mentioned in a way that might be interpreted as negative or questioning of his ability to perform his duties. While appellant may have been upset by these comments or even driven into depression, as he alleges, these isolated comments are legally insufficient to constitute an adverse employment action. Cf. Faragher v. City of Boca Raton, 524

U.S. 755, 788 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Nor does the June 2004 incident provide sufficient support for appellant's claim.  Even accepting as true appellant's contention that Sodexho's policies governing language use and confronting supervisors were unevenly enforced, and even if he could show that he was singled out because of his age, in the end, the company did not discipline him, suspend him without pay, or otherwise sanction him.  Because Witcher did not introduce sufficient evidence to make out a prima facie case of discrimination, the District Court properly granted summary judgment on this claim.

Retaliation claims relying on indirect evidence are also analyzed under McDonnell Douglas.  See Fasold, 409 F.3d at 188-89.  To establish a prima facie case of retaliation, appellant must show "(1) that s/he engaged in a protected employee activity; (2) that s/he was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action."  Id. (citing Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 467-68 (3d Cir. 2002)).  With regard to the second prong, plaintiffs are not required to show that the adverse action by the employer was so extreme as to affect the terms and conditions of employment; however, plaintiffs must still demonstrate that the alleged retaliatory actions were "materially adverse."  See Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006).

Unlike the District Court, we are not entirely convinced that Witcher failed to make out a prima facie case of retaliation.  He arguably engaged in a protected

5

employee activity by making his claims of age discrimination known to Sodexho on at least two occasions. He also arguably suffered adverse employment actions in having a scheduled pay increase delayed for ten months[3] and by being forced to work in an unsafe construction site, while other employees were excused from doing so.[4] While there is no direct evidence connecting these actions to the protected employment activity, temporal proximity alone will sometimes suffice to satisfy the third prong in the prima facie case. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279-80 (3d Cir. 2000).

Assuming arguendo that Witcher established a prima facie case of retaliation, the burden would shift to the defendant to articulate a legitimate nonretaliatory reason for the adverse employment actions. See Moore, 461 F.3d at 342. Here, Sodexho has met this burden. It introduced evidence that the delay in implementing the scheduled pay increase was due to management changeovers. The fact that Witcher received positive reviews and a timely pay increase in 2005, following further allegations of age discrimination by Witcher, bolsters appellee's claim that there was no retaliatory motive for the delay in 2004. Defendant's evidence also suggests that Witcher was not, in fact, required to work in an unsafe area during construction and that other Sodexho employees

---

[3] As the District Court noted, the pay increase, once approved, was made retroactive to the scheduled date. The lengthy delay alone, however, may have constituted a materially adverse action.

[4] We agree with the District Court that neither the allegation that appellant received a written notice after failing to come to work in February of 2005 nor the contention that Sodexho did not fix his delivery van promptly rose to the level of a materially adverse action.

were also assigned to work at the site during construction.

In the face of the nonretaliatory reasons given by Sodexho, the burden shifts back to Witcher, who must be able to convince a factfinder that the proffered explanation was false and that retaliation was the real reason for the adverse action. See Moore, 461 F.3d at 342. Here, he has not shown a pattern of severe harassment, direct evidence suggestive of retaliation, or any other evidence to suggest that the reasons explanations put forward by Sodexho were pretextual. Contra id. at 346-49. Because appellant failed to meet his ultimate burden, it was appropriate to grant summary judgment in favor of appellee on the retaliation claims.

Accordingly, we will affirm the judgment of the District Court.